```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

JOE EARL RUDOLPH,                  :

    Petitioner,                    :

v.                                 :      CIVIL ACTION 06-00280-KD-B

GWENDOLYN MOSLEY,                  :

    Respondent.                    :

### REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama prison inmate, which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; thus, no federal evidentiary hearing is required. Kelley v. Secretary for Dept. of Corrections, 377 F.3d 1317 (11th Cir. 2004).  Upon careful consideration, it is recommended that this action be dismissed as barred by, and that judgment be entered in favor of Respondent Gwendolyn Mosley and against Petitioner Joe Earl Rudolph on all claims.

Petitioner was convicted in the Monroe County Circuit Court on August 20, 2002, of kidnaping, rape, and attempted murder, and sentenced to three terms of life imprisonment.[1] (Doc. 1, p. 2; Doc.

---

[1] Two of the three life sentences are to be served consecutively.

6, p. 1). Petitioner's convictions and sentences were affirmed on appeal by memorandum opinion issued on June 13, 2003, and his petition for rehearing was overruled by the Alabama Court of Criminal Appeals on July 11, 2003. Petitioner did not file a petition for writ of certiorari to the Alabama Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on July 29, 2003. Petitioner did not initiate any state collateral proceedings. Instead, he filed his petition seeking habeas corpus relief in this Court on May 7, 2004.[2]

Petitioner raised the following claims in his 2004 habeas petition: (1) his motion for a severance from his co-defendants was denied in violation of the United States Constitution; (2) his conviction for first-degree kidnaping was not supported by sufficient evidence; (3) the indictment was fatally defective and void; (4) the indictment contained a duplicitous count; and, (5) his consecutive life sentences on the convictions of attempted murder and first-degree kidnaping are unconstitutional because they constitute the same transaction. (Doc. 6, Ex. C).

By Order dated November 4, 2004, this Court determined that Petitioner's claims were procedurally defaulted, and issued an order dismissing Petitioner's habeas petition with prejudice. (Doc. 6, Ex. C). Petitioner then filed a Rule 32 petition in the Monroe County Circuit Court on July 26, 2004. Petitioner's Rule 32

---

[2] See Joe Earl Rudolph, Jr., v. Gwendolyn Mosley, Civil Action 04-00298-WS-C.

petition was denied, and his application for rehearing was stricken as untimely on February 11, 2006.  Petitioner's petition for certiorari was dismissed by the Alabama Supreme Court on March 22, 2006.  On April 28, 2006, Petitioner filed his second habeas petition with this Court.

Respondent contends that the instant habeas petition should be dismissed because having previously filed a petition for habeas relief, Petitioner was required to apply to the Eleventh Circuit Court of Appeals for leave in order to pursue the instant habeas petition.  According to Respondent, this Court is barred from reviewing the instant action without authorization from the Eleventh Circuit Court of Appeals.[3]

## I. ANALYSIS

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), " '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' " Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir.1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

---

[3]Respondent also contends that Petitioner's habeas petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(a).

As noted *supra*, Petitioner's initial habeas petition was filed on May 7, 2004.  His current petition, filed on April 28, 2006, pursuant to 28 U.S.C. § 2254, is clearly a second/successive petition.  As such, this court lacks jurisdiction to entertain the current petition absent Petitioner first obtaining permission from the Eleventh Circuit Court of Appeals.  Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).  The record in this case, however, bears no indication that Petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition.  Because Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Petitioner's request for relief. Id.

## II. CONCLUSION

Accordingly, the undersigned Magistrate Judge recommends that the present habeas corpus petition be dismissed due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **20th** day of **October 2006.**

                                                              **/S/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this **20th** day of **October 2006.**

                                    /s/ SONJA F. BIVINS
                             **UNITED STATES MAGISTRATE JUDGE**